# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CYRIL DAVID DANIEL ORAM, JR., <br> Appellant, | DOCKET NUMBER <br> DC-3330-17-0098-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, <br> Agency. | DATE: September 8, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cyril David Daniel Oram, Jr.</u>, Bellingham, Washington, pro se.

<u>Troy R. Holroyd</u>, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which found that the Board had jurisdiction over his Veterans Employment Opportunities Act of 1998 (VEOA) appeal but denied his request for corrective action. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the Board has jurisdiction over the appellant's appeal as a right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(B), we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant, a preference-eligible veteran, applied for a GS-12 Information Technology Specialist position with the agency under job announcement number DLAJ6-16-1778879-MP. Initial Appeal File (IAF), Tab 4 at 11-18, Tab 9 at 11-12. On September 30, 2016, the agency notified the appellant that he was not selected for the position. IAF, Tab 1 at 10-11. The appellant subsequently filed a timely complaint with the Department of Labor's (DOL) Veterans' Employment and Training Service claiming violation of his veterans' preference rights in connection with his nonselection for the position. *Id.* at 12. Finding no violation, DOL issued a letter notifying the appellant that it was closing its investigation into his complaint and advising him of his right to appeal its decision to the Board. *Id.* at 13-15.

¶3      The appellant timely filed an appeal with the Board.  IAF, Tab 1.  In an initial decision based on the written record, the administrative judge found that the Board had jurisdiction over the appellant's appeal pursuant to VEOA, 5 U.S.C. § 3330a, but denied the appellant's request for corrective action on the merits, finding that the agency did not violate his rights under the Act.  IAF, Tab 14, Initial Decision (ID) at 1, 9-10.

¶4      The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has filed a reply.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      On review, the appellant alleges that he was improperly denied his requested hearing, and asserts that the administrative judge erred in determining that his veterans' preference rights were not violated by the agency's decision not to select him.  PFR File, Tab 1.  The appellant also argues that he was denied the right to "apply and/or compete," and he submits what he describes as previously unavailable evidence—copies of two vacancy announcements for which he applied but was not selected.  PFR File, Tab 1 at 4, Tab 4 at 4-19.

The administrative judge did not err by deciding the appeal without holding a hearing.

¶6      Although the appellant concedes that his initial appeal form does not reflect a request for a hearing, he asserts that he is "pretty sure" that he "specifically raised the issue and requested a hearing" below and argues that he was denied his right to a hearing.  PFR File, Tab 1 at 3.  The record reflects that the appellant checked the box indicating that he did not want a hearing on his initial appeal form.  IAF, Tab 1 at 2.  In an acknowledgement order dated November 10, 2016, the administrative judge advised the appellant that a failure to request a hearing within 10 days of the date of that order would constitute a waiver of his right to a hearing.  IAF, Tab 2 at 2.  In an order on jurisdiction, also issued on

November 10, 2016, she also notified the appellant that after meeting his burden of proving jurisdiction, he would be granted a hearing if he requested one and only if there remained a genuine dispute of material fact. IAF, Tab 3 at 7-8. The appellant filed a reply to the administrative judge's order on jurisdiction the same day both the acknowledgement and jurisdictional orders were issued, but he did not indicate that he wanted a hearing in that filing. IAF, Tab 4. On November 30, 2016, however, he requested to "proceed to the hearing on substantially previously founded jurisdiction" in a response to the agency's motion to dismiss the appeal. IAF, Tab 11 at 4.

¶7        Thus, while it appears that the appellant expressed a desire for a hearing, he did not do so within the time limit proscribed by the administrative judge's acknowledgement order. The Board has held that an appellant waives his right to a hearing when, after being specifically placed on notice of his requirement to request one, he fails to do so in a timely manner. *Nugent v. U.S. Postal Service*, 59 M.S.P.R. 444, 446-47 (1993) (finding no error in an administrative judge's denial of the appellant's request for a hearing allegedly made for the first time during a telephonic status conference, more than 10 days after the acknowledgement order informing the appellant of his requirement to request a hearing). Additionally, the Board has held that there is no right to a hearing in an appeal brought pursuant to VEOA when, as here, there is no genuine dispute of material fact and one party must prevail as a matter of law. *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 13 (2016); *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶¶ 8-9 (2007); *see* 5 C.F.R. § 1208.23(b). Accordingly, we find that the administrative judge did not err by deciding the appellant's VEOA appeal on the merits without holding a hearing.

The administrative judge did not err in denying the appellant's request for corrective action under 5 U.S.C. § 3330a(a)(1)(A).

¶8        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems*

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To establish Board jurisdiction over an appeal brought under VEOA, an appellant must show that he exhausted his administrative remedy with DOL and make nonfrivolous allegations of the following: (1) he is a preference eligible within the meaning of VEOA; (2) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (3) the agency violated his rights under a statute or regulation relating to veterans' preference. *See Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016); 5 C.F.R. § 1201.57.

¶9        In an order on jurisdiction, the administrative judge advised the appellant of his burden of proving Board jurisdiction over his VEOA appeal under 5 U.S.C. § 3330a. IAF, Tab 3 at 2-3. Finding that the appellant proved Board jurisdiction over his appeal as a complaint under 5 U.S.C. § 3330a(a)(1)(A), the administrative judge nonetheless denied the appellant's request for corrective action, concluding that he was not entitled to veterans' preference because the vacancy at issue was filled using merit promotion procedures and the agency had properly afforded the appellant with the right to compete. ID at 6-9.

¶10       On review, the appellant reasserts his argument that the agency's selection process was unfair and that his veterans' preference rights were violated by the agency's decision not to select him for the position. PFR File, Tab 1 at 4-5, Tab 4 at 4-5. As the administrative judge correctly observed, the Board has regularly held that an individual is not entitled to veterans' preference points under the merit promotion process. ID at 7-8; *Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 4 (2015); *Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008); *see Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1380-82 (Fed. Cir. 2007). Veterans' preference under merit promotion procedures provides only a right to apply and an opportunity to compete in the process of selecting the best qualified candidate. *Joseph*, 505 F.3d at 1383. It does not mandate the method by which the agency makes a selection,

nor does it require any given applicant's selection. The appellant has not cited any statute or regulation regarding veterans' preference applicable to merit promotion procedures that the agency violated by failing to hire him for the position. Accordingly, we find that the administrative judge properly found no violation of the appellant's veterans' preference rights, and we discern no reason to disturb her findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The Board has jurisdiction over the appeal as a "right-to-compete" claim under 5 U.S.C. § 3330a(a)(1)(B).

¶11      In addition, the Board may have jurisdiction under VEOA to consider a claim that the agency violated a preference eligible's or a veteran's right to compete. To establish Board jurisdiction over a claim that he was denied the opportunity to compete for a vacant position, an appellant must demonstrate that he exhausted his administrative remedy with DOL, and make nonfrivolous allegations of the following: that he is a preference eligible or veteran who was separated from the armed forces under honorable conditions after 3 years or more of active service; and that the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 6.

¶12      On review, the appellant argues that the agency denied him the right to compete for a number of vacancies, including the one at issue in this appeal.[2]

---

[2] The appellant also has submitted copies of a number of these vacancy announcements as attachments to his petition for review. PFR File, Tab 4 at 6-20. Although he suggests that these documents were not available at the time the record closed below, PFR File, Tab 1 at 4, all of the included vacancies have closing dates prior to the December 9, 2016 close of record date. IAF, Tab 10. Accordingly, we have not

PFR File, Tab 1 at 4. It is undisputed that the appellant is both a preference eligible and a veteran who was separated from the armed forces under honorable conditions after more than 3 years of active service. IAF, Tab 1 at 1, Tab 4 at 4, 17-19, Tab 9 at 7-8; *see* 5 U.S.C. § 3304(f)(1). It is similarly undisputed that the agency accepted applications for the vacancy announcement from applicants from outside its workforce and that the selection at issue took place after December 10, 2004. IAF, Tab 9 at 8, 11-12.

¶13 Although the administrative judge determined otherwise, ID at 4 n.2, we find that the appellant raised a right-to-compete claim below and that he presented sufficient evidence that he exhausted his remedy before DOL regarding this claim, IAF, Tab 1 at 12-15, Tab 11 at 4-6. The agency does not dispute that the appellant raised and exhausted a claim under 5 U.S.C. § 3330a(a)(1)(B). IAF, Tab 9 at 8-10. Furthermore, in his response to the agency's motion to dismiss the appeal, the appellant indicated his belief that he was not provided a "full opportunity to compete" and was not "afforded due consideration in the selection process." IAF, Tab 11 at 4-6. Pro se appellants are not expected to frame issues with the precision of a common law pleading. *Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 8 (2006). The Board also has held that an appellant's assertion that his veterans' preference rights were violated should be liberally construed and that an allegation, even in general terms, that an appellant's veterans' preference rights were violated is sufficient to meet the requirement of a nonfrivolous allegation to establish Board jurisdiction over a VEOA appeal. *Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 6 (2009); *Elliot*, 102 M.S.P.R. 364, ¶ 8. Based on the foregoing, we modify the initial decision to find that the

considered this evidence because it is not new in that it was not unavailable when the record closed despite the party's due diligence, and it is not material in that the appellant has not explained why he believes that it warrants an outcome different from that of the initial decision. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

Board has jurisdiction over the appellant's appeal as a right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(B).

**The administrative judge nonetheless correctly found that the agency provided the appellant with an opportunity to compete.**

¶14    Although we find Board jurisdiction over the appellant's right-to-compete claim, because the record is fully developed on this issue and there is no genuine issue of material fact, we also find that we can resolve the claim without remanding it to the administrative judge for further consideration. The agency submitted undisputed evidence that it considered the appellant's application, he was found qualified for the position, his name was referred for consideration, and he was ranked as the third alternate for the position, thus providing him all that was required under VEOA. ID at 2, 9; *see Joseph*, 505 F.3d at 1383-84 (finding that the appellant was given a "full 'opportunity to compete'" in the merit selection process because he filed his application, he was one of the four applicants who qualified for final consideration, and he was interviewed, but not selected); *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010) (stating that the same evidence establishing that the agency accepted and considered the appellant's application also indicates that he was permitted to compete under 5 U.S.C. § 3304(f)(1)).

¶15    Accordingly, we deny the appellant's petition for review and affirm the initial decision as modified, denying the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.